RECEIVED
USDC CLERK, CHARLESTON, SC

2006 NOV 27 P 2:25

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Gabriel Randolph,                ) C.A. 2:06-2042-MBS-RSC
                                 )
         Plaintiff,              )
                                 )
     -versus-                    ) **REPORT AND RECOMMENDATION**
                                 )
South Carolina Department of     )
Corrections (SCDC); Officer      )
Bethea, first name unknown at    )
this time and Pat Brown, each    )
in their individual capacity,    )
                                 )
         Defendants.             )

This civil rights action pursuant to 42 U.S.C. § 1983[1] brought by a state prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u> is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgment. 28 U.S.C. § 636(b).

On June 9, 2006, the plaintiff, Gabriel Randolph, filed this action in the Richland County Court of Common Pleas against the

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

South Carolina Department of Corrections (SCDC), and Correctional Officers Otis Bethea, Jr. and Pat Brown. The officers are sued in their individual capacities. Plaintiff alleged that on October 22, 2005, he was sprayed with pepper spray by Bethea and was denied medical treatment by Brown which caused him to suffer great pain, all in violation of the South Carolina and United States Constitutions. Plaintiff seeks damages and an order that he receive adequate medical care. Defendants removed the action to this court on July 14, 2006.

The defendants filed the instant motion for summary judgment on October 16, 2006, with an affidavit of the records custodian at Evans Correctional Institution and exhibits consisting of a Report of Use of Force and Log Book for October 22, 2005. On October 20, 2006, the plaintiff was provided a copy of the defendants' motion with affidavit and exhibits and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On November 1, 2006, and November 2, 2006, the plaintiff filed oppositions to the defendants' motion with exhibits. Hence, it appears consideration of the motion is appropriate.

**SUMMARY JUDGMENT STANDARD**

The burden on summary judgment is on the defendant, as the moving party, to demonstrate the absence of any genuine issues of material fact. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to plaintiff, as the party opposing the motion. United States v. Diebold, 369 U.S. 654, 655 (1962); Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473 (1962).

In determining whether summary judgment may be granted, the district court must perform a dual inquiry into the genuineness and materiality of any purported factual issues. Though the burden of proof rests initially with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the nonmoving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon the bald assertions of his pleadings. Fed.R.Civ.P. 56(e). See, First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968).

Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice. A trial exists to resolve what reasonable minds would recognize as real factual disputes. See, Cole v. Cole, 633 F.2d 1083, 1089 (4th Cir.

1980); <u>Atlantic States Construction Co. v. Robert E. Lee & Co.</u>, 406 F.2d 827, 829 (4th Cir. 1969).

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56 (c) have been met. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. <u>Id</u>. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed.R.Civ.P. 56 (c); <u>see also</u>, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. <u>Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." <u>Felty v.</u>

4

Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

### DEFENDANT SOUTH CAROLINA DEPARTMENT OF CORRECTIONS

As an initial matter, the plaintiff has named the SCDC as a defendant. However, the SCDC is not a "person" for § 1983 purposes. Lapides v. Bd. of Regents, 535 U.S. 613, 617 (2002). Title 42, United States Code, Section 1983, allows a civil action to recover damages for deprivation of a constitutionally protected right. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, the Supreme Court has held that neither the state nor state agencies are "persons" for purposes of actions under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). The SCDC is unquestionably an administrative agency of the State of South Carolina. S.C.Code Ann. § 24-1-30. Therefore, the SCDC is immune from suit under the eleventh amendment, and the complaint should be dismissed against defendant SCDC on that basis.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

In the case at bar, the defendants assert that the action must be dismissed because, although the plaintiff completed Steps 1 and 2 of the SCDC Grievance Procedure, he failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA) because he did not appeal the denial of his grievance in an action in the Administrative Law Court.

Under the PLRA, "No action shall be brought with respect to prison conditions[2] under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no doubt that the PLRA's exhaustion requirement is mandatory." Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective.

Congress enacted the PLRA in an attempt to reduce the number of frivolous civil rights cases filed by prisoners. A

---

[2] The Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force of some other wrong. Porter v. Nussle, 534 U.S. 516 (2002). Also, in Booth v. Churner, 523 U.S. 731, 121 S.Ct. 1819 (2001), the Supreme Court held that under § 1997e(a) a prisoner must exhaust his administrative remedies even when the relief the prisoner seeks (money damages) is not available in the prison grievance proceedings. Id. at 1825.

6

plaintiff's failure to exhaust administrative remedies under § 1997e(a) before filing the lawsuit is an affirmative defense that must be pled by the defendant. <u>Anderson v. XYZ Correctional Health Services, Inc.</u>, 407 F.3d 674, 681 (4th Cir. 2005).

In orders filed on May 9, 1996, this court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). <u>See</u>, the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996), which incorporate by reference SCDC PS-10.01 (May 1, 1996). In order to completely exhaust the SCDC administrative remedy, an inmate must fill out a Form 10-5, Step 1 about the matters raised in his complaint and give the form to the Institutional Inmate Grievance Coordinator within fifteen (15) days of the alleged incident of which the inmate complains. The Warden must respond to the Step 1 grievance in writing no later than forty (40) days from the filing of the initial grievance. If the inmate is not satisfied with the Warden's response, he or she must file an appeal of the Step I grievance response by filing a Form 10-5a, Step 2 Request for Responsible Official Review with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the Warden. A responsible official will have sixty (60) days to respond to the Step 2 grievance. The decision of the

"responsible official" who answers Step 2 is the Department's final response in the matter.

There is no basis for the proposition that a prisoner must exhaust his remedies under the S.C. Administrative Procedures Act before the administrative law judge for § 1983 purposes. Such a reading of the § 1997e(a) exhaustion requirement is over broad. See, e.g., Charles v. Ozmint, 2006 WL 1341267 (D.S.C. May 15, 2006). SCDC policy mandates that the answer an inmate receives to the Step Two grievance "will be the Department's *final response in the matter . . . [t]he Department's final response* implies the Department Director's approval." See, SCDC Inmate Grievance System, policy # GA-01.12(14)(d) (issued: April 1, 2000) (emphasis added).

The pursuit of the S.C. APA process invokes state judicial remedies. See, James F. Flanagan, *Redefining the Role of the State Administrative Law Judge: Central Panels and Their Impact on State ALJ Authority and Standards of Agency Review,* Administrative Law Review 1355 (2002). The Administrative Law Court review of certain inmate appeals in prison condition cases is more appropriately viewed as the first step in the "judicial review" process by the S.C. court system under South Carolina's Administrative Procedures Act. See, S.C. Code Ann. § 1-23-610(B). Indeed, in Al-Shabazz v. State, the South Carolina Supreme Court held:

8

> [a]n inmate may ... seek review of [the SCDC's] final decision in an administrative manner under the [Administrative Procedures Act ("APA")]. Placing review of these cases within the ambit of the APA will ensure that an inmate receives due process, which consists of notice, a hearing, and *judicial* review. (emphasis added).

338 S.C. 354, 369, 527 S.E.2d 742, 750 (1999); <u>Sullivan v. South Carolina Department of Corrections</u>, 355 S.C. 437, 586 S.E.2d 124 (2003) (quoting <u>Al-Shabazz</u>).

In § 1983 matters Congress only intended that "administrative remedies" be satisfied. See, e.g., <u>Pozo v. McCaughtry</u>, 286 F.3d 1022, 1024 (7th Cir. 2002) (Exhaustion under § 1997e(a) is administrative only; a prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court), <u>cert. denied</u>, 537 U.S. 949, 123 S.Ct. 414, 154 L.Ed.2d 293 (2002).

When Plaintiff's Step 2 grievance was denied, he had exhausted administrative remedies for the purposes of 42 U.S.C. § 1997(a) under the SCDC's policy. <u>See Charles v. Ozmint</u>, 2006 WL 1341267 (D.S.C. May 15, 2006); <u>Jenkins v. South Carolina Dept. of Corrections</u>, 2006 WL 1083563 (D.S.C. April 18, 2006) ("The decision of the 'responsible official' who answers Step 2 is the Department's final response in the matter."). Section 1997(a) does not require inmates to further appeal to Administrative Law Court before bringing a claim under § 1983 in state or federal court.

9

Accordingly, it appears that the plaintiff has exhausted his remedies for PLRA purposes, and his pursuit of state judicial remedies is not a prerequisite to proceeding in this court. The defendants' motion on this ground should be denied.

**FACTS**

The relevant facts[3], either undisputed or according to the plaintiff, and taken in the light most favorable to the plaintiff as the non-moving party for purposes of the defendants' motion, to the extent supported by the record are as follow.

At the time relevant to this complaint, Plaintiff was housed at Evans Correctional Institution, a SCDC facility in Bennettsville, S.C., in the Special Management Unit.[4] According to the Step 1 grievance Plaintiff filed:

> "On date of October 22, 2005, Grievant was trying to get the attention of Sgt. P. Brown which Sgt. P. Brown was in the SMU Control Room, CO Bethea came to cell 119 asking what is the situation; I told him that my recreation was tooken cause I was a Disciplinary Hearing. CO Bethea said that he was go to get Sgt. P. Brown which CO Bethea never

---

[3] In the Fourth Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). However, in this case the plaintiff has filed an unverified complaint. Therefore, the undersigned has not considered the factual allegations set forth in the unverified complaint as evidence in issuing a recommendation in this case.

[4] The SMU is a unit isolated from the general population where inmates requiring more intense levels of supervision and monitoring are housed.

10

> did. Grievant tried to get attention again but CO
> Bethea to back away from door and stop calling for
> Sgt. P. Brown. CO Bethea went someway and came
> back to cell 119, CO Bethea pull out Top Cop
> canister and opened service flap and gassed me in
> facial area with a large amount chemical munition
> (spray). CO Bethea would not stop spray chemical
> munition. No Sgt. Lt. Capt. came and seen what
> was going at cell 119. Then Sgt. P. Brown came
> with nurse Ms. Mitchell, Nurse Mitchell to run
> water on my eyes to stop the burning, which I did.
> Grievant did not received NO charge, or Incident
> Report. 19-29. This is cruel and unusual
> punishment and violation of my Const. Amend. 8.
> Why there was No incident report."

(Ex. A to Pl. Opposition). In short, according to Plaintiff, defendant Bethea used unconstitutional excessive force against him as he was merely "trying to get the attention" of another officer and then defendant Brown came to his cell with a nurse who merely told him to irrigate his eyes with water and that he did so.

The incident report on the use of force completed by defendant Bethea stated:

> "On Saturday, October 22, 2005, at
> approximately 2:15 AM, Officer Otis Bethea while
> on duty in the Special Management Unit, B-Wing
> gave Inmate Gabriel Randolph (#248729) several
> directives to stop kicking on the cell door.
> Inmate Randolph refused all directives to comply.
> Officer Bethea administered OC Pepper Spray
> towards Inmate Randolph's facial area and he
> complied with all directives. Inmate Randolph was
> seen by medical and charged accordingly. Officer
> Bethea used OC Pepper Spay canister no. 119 with
> beginning weight fo 123.0 grams and an ending
> weight of 110.4 grams (12.6 grams total used).

11

>            Extent of Injuries: No injuries noted.
>            Treatment Afforded: Inmate Randolph was seen by
>            Nurse Mitchell. No medical treatment needed."

(Ex. to Affidavit of Aquilla Lewis).

Plaintiff's evidence does not dispute that the manner in which he was "trying to get the attention" of another officer was by kicking the cell door, that he was repeatedly directed to stop kicking the cell door and did not comply until he was gassed, nor does it dispute that he was seen by a nurse and that no injuries were noted.

## UNCONSTITUTIONAL USE OF FORCE

To succeed on any eighth amendment claim for cruel and unusual punishment, a prisoner must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991); <u>Williams v. Benjamin</u>, 77 F.3d 756, 761 (4th Cir. 1996). The objective element of an excessive force claim requires more than a <u>de minimis</u> use of force. The Supreme Court has proscribed recovery based on <u>de minimis</u> force, unless that use of force is "repugnant to the conscience of mankind." <u>Hudson v. McMillian</u>, 503 U.S. 1, 9-10, 112 S.Ct. 995 (1992) (internal quotation marks omitted). The Fourth Circuit Court of Appeals has recognized a bright-line rule in the Supreme Court's jurisprudence that a <u>de minimis</u> injury will defeat a plaintiff's

12

excessive force claim "absent the most extraordinary circumstances," i.e., unless the force used was "repugnant to the conscience of mankind."  Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994)(en banc).

The Fourth Circuit has held that the United States Constitution does permit small quantities of pepper spray to be used to control recalcitrant inmates.  Williams v. Benjamin, 77 F.3d 756, 763 (4th Cir. 1996).

In this record there is no evidence, medical or otherwise, that the Plaintiff suffered any injury whatsoever.  Even assuming, arguendo, that Plaintiff received injuries from the pepper spray, these injuries were de minimis.  Indeed, Plaintiff, in his Step One Grievance form does not claim any injury at all but merely wrote that the nurse told him to flush his eyes with water to stop the burning.

Further, it does not appear that the type of force used in this case is "repugnant to the conscience of mankind."  As the Fourth Circuit explained, "[a] limited application of mace may be much more humane and effective than a flesh to flesh confrontation with an inmate."  Williams v. Benjamin, 77 F.3d 756, 763 (4th Cir. 1996) (footnote omitted), (citing Soto v. Dickey, 744 F.2d 1260, 1262 (7th Cir. 1984).  In Soto, the Seventh Circuit held the use of mace, tear gas, or other similar chemical agents, does not constitute cruel and unusual punishment

13

when reasonably necessary to subdue a "recalcitrant prisoner," even where the prisoner is locked in his cell or in handcuffs. Soto, 744 F.2d at 1270.

Applying that standard to the facts of this case, defendant Bethea was presented with an inmate who was repeatedly kicking his cell door. Plaintiff was lawfully ordered to cease his behavior, but refused the defendant's directives. Under the circumstances, it appears that defendant Bethea used "reasonable" force in order to stop Plaintiff's actions. Defendant's use of pepper spray in order to get Plaintiff to obey his direct orders to stop kicking the cell door cannot be said to have resulted in a violation of the eight amendment.

## MEDICAL CARE

With respect to Plaintiff's allegation that defendant Brown subjected him to cruel and unusual punishment in some way related to his medical needs, Plaintiff must show deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1977). Like the previous claim, there are no facts to support Plaintiff's conclusory allegation that defendant Brown was deliberately indifferent to his medical needs at any time. Indeed, Plaintiff has presented no evidence whatsoever of what it is that he contends Brown did to violate his constitutional rights. Plaintiff admits that he was seen by a nurse accompanied by defendant Brown, that the nurse told him to flush his eyes

with water, and that he did so. It was noted in the incident report that Plaintiff had no injuries. It appears that following this incident, Brown did nothing to deny Plaintiff medical attention and that Plaintiff received appropriate medical attention. The claim should be dismissed.

## QUALIFIED IMMUNITY

As an alternative basis for decision, the defendants are entitled to qualified immunity from suit in their individual capacities since it does not appear that the defendants violated a particular right of Plaintiff's, clearly established in law, of which a reasonable person would have known. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 815-16, 102 S.Ct. 2727 (1982); <u>American Civil Liberties Union, Inc. v. Wicomico County</u>, 999 F.2d 780 (4th Cir. 1993). The standard of review on summary judgment is whether there exist genuine issues of clearly established constitutional violation. <u>Turner v. Dammon</u>, 848 F.2d 440 (4th Cir. 1988). No such issues exist in this case.

## "STRIKE" UNDER THE PLRA

Finally, § 804 of the PLRA amended § 1915(g), and reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

> relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Based upon the foregoing evidentiary failures, it appears this action should be characterized as frivolous, malicious, or as failing to state a claim upon which relief may be granted, and should be designated as a "strike".

### CLAIMS UNDER THE SOUTH CAROLINA CONSTITUTION

If the court accepts this report and recommendation that the plaintiff's § 1983 claims should be dismissed, it is further recommended that Plaintiff's state constitutional claims be dismissed as well for want of jurisdiction. Specifically, this court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

### CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motion be granted on all grounds except exhaustion, and that all other motions be deemed moot. It is also recommended that the court exercise its discretion to decline to take jurisdiction over the state law causes of action and that they be dismissed without prejudice on that basis. It

16

is also recommended that this action be deemed a "strike" against the plaintiff within the meaning of the PLRA.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

November 27, 2006

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

18