# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Gabriel Randolph, | C/A No.: 2:06-2042-MBS |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| South Carolina Department of Corrections, Otis Bethea, Jr., Pat Brown, each in their individual capacity, | |
| Defendants. | |

Plaintiff Gabriel Randolph ("Plaintiff") is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"). He is currently confined at the McCormick Correctional Institution. The events underlying his complaint occurred while Plaintiff was confined at the Evans Correctional Institution. Plaintiff, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against SCDC, Otis Bethea, Jr. ("Bethea"), and Pat Brown ("Brown"). Plaintiff asserts that Defendants violated certain of his rights protected by the Eighth Amendment of the United States Constitution. Additionally, Plaintiff claims Defendants violated provisions of the South Carolina Code of Laws as well as internal SCDC guidelines and policies.

This matter is before the court on Defendants' motion for summary judgment filed on October 16, 2006. By order issued October 20, 2006, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and of the possible consequences if he failed to respond adequately. Plaintiff filed responses opposing

Defendants' summary judgment motion on November 1, 2006 and November 2, 2006.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge filed a Report and Recommendation on November 27, 2006 recommending that the Defendants' motion for summary judgment be granted. On December 8, 2006, the Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with conducting a *de novo* review of every portion of the Report and Recommendation to which specific objections have been made. The court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

**I.     Facts.**

Plaintiff alleges that Defendant Bethea unlawfully sprayed Plaintiff with chemical munition gas on October 22, 2005. According to Plaintiff, Plaintiff was "trying to get the attention" of Defendant Brown by repeatedly kicking his cell door when Defendant Bethea sprayed him. Before the spraying, Plaintiff concedes that Defendant Bethea repeatedly asked him to stop kicking his door. Plaintiff asserts that the chemical spray caused him severe pain. Finally, Plaintiff alleges that a nurse, who was accompanied by Defendant Brown, gave him inadequate medical care by advising him that irrigating his eyes with water would effectively treat Plaintiff's exposure to the chemical spray. An internal SCDC report indicates that the Plaintiff was seen by Nurse Mitchell, who

concluded that "no medical treatment was needed."

After finding that the Plaintiff had properly exhausted his administrative remedies, the Magistrate Judge recommended summary judgment for all Defendants because Plaintiff's excessive force claim failed to allege more than a *de minimis* pain and Plaintiff failed to demonstrate that Defendant Bethea acted with malice. Further, the Magistrate Judge recommended summary judgment for all Defendants on Plaintiff's medical indifference claim, as it failed to demonstrate that Plaintiff showed a serious medical need to which Defendants responded with deliberate indifference. The Magistrate Judge additionally held that 42 U.S.C. § 1983 did not allow for an action against SCDC. Thus, the Magistrate Judge recommended denial of Plaintiff's federal claims and further recommended that, to the extent Plaintiff's Complaint alleges additional claims under state law, the court should decline to exercise supplemental jurisdiction over them. Finally, the Magistrate Judge advised that the court designate this action as a "strike" under 28 U.S.C. § 1915(g).

**II.     Discussion.**

Plaintiff objects to the Magistrate Judge's finding that Plaintiff's alleged injuries were *de minimis,* thereby rendering his excessive use of force claim not cognizable. The court disagrees with Plaintiff.

A viable Eighth Amendment claim of excessive use of force must contain both an "objective" and "subjective" component. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992). To satisfy the "objective" component, a Plaintiff must show a sufficiently serious injury as a result of the force used by Defendants. *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994). "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." *Id.* For example, the Fourth Circuit has held that a Plaintiff who

had suffered slight swelling in the jaw area, abrasions about the wrists and ankles, and tenderness over some ribs following an alleged assault by a Defendant officer did not have a cognizable Eighth Amendment claim because he suffered only *de minimis* injuries. *See Taylor v. McDuffie*, 155 F.3d 479, 484-86 (4th Cir. 1998). Similarly, here, Plaintiff's alleged injuries are not the type of objectively serious health problems that would support an Eighth Amendment claim against a correctional officer. Moreover, like the Plaintiff in *Taylor*, the evidentiary record before the court belies Plaintiff's allegations of severe pain he purports to have experienced. *See Taylor*, 155 F.3d at 479 (noting that "Taylor's medical records do not support the injuries he purports to have received"). Thus, the court finds no genuine issue of material fact that Plaintiff's injuries are *de minimis*.

Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to satisfy the subjective component of the Eighth Amendment. Specifically, Plaintiff contends that Defendant Bethea's actions were malicious. The court disagrees with Plaintiff.

To make out an Eighth Amendment claim, "a prisoner must demonstrate that officials applied force 'maliciously and sadistically for the very purpose of causing harm.'" *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). Here, Plaintiff concedes "trying to get [the] attention" of Defendant Brown by repeatedly kicking his cell door. Further, Plaintiff admits that Defendant Bethea warned Plaintiff to "back away from [the] door and stop calling for [Defendant] Brown." The court's review of the record reveals that Defendant Bethea's actions were nothing but an attempt to subdue a recalcitrant prisoner. *See id.* at 763.

Plaintiff also objects to the Magistrate Judge's determination that Defendants did not deny medical attention and treatment for the allegedly serious injuries Plaintiff sustained. With respect

to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even if the court were to assume Plaintiff's injuries were serious, Plaintiff's medical indifference claim would fail. Plaintiff concedes that he was treated by a medical nurse accompanied by Defendant Brown and that the nurse permitted him to irrigate his eyes with water. There is no evidence that Defendant Brown or any SCDC nurse attempted to withhold medical treatment from Plaintiff in an effort to deliberately or recklessly ignore an excessive risk to Plaintiff's health. *See Estelle*, 429 U.S. 97. The court concludes that there is no genuine issue of material fact as to whether Plaintiff was subjected to deliberate indifference of medical care.

Plaintiff further objects to the Magistrate Judge's recommendation that the court designate this action as a strike under 28 U.S.C. § 1915(g). As the Fourth Circuit has noted, an action proceeding to the summary judgment stage can rarely be characterized as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted" for purposes of 28 U.S.C. § 1915(g). *See, e.g., Pressley v. Rutledge*, 82 Fed. App'x. 857, 858 (4th Cir. 2003) ("Because, however, [Plaintiff's] action was dismissed upon a grant of summary judgment to the Defendants, we vacate the district court's order to the extent it assessed a strike pursuant to 28 U.S.C. § 1915(g).") Accordingly, the court declines to deem this case a strike for purposes of § 1915(g).

### III.    Conclusion.

The court declines to designate this action as a strike under 28 U.S.C. § 1915(g) and adopts the remainder of the Magistrate Judge's Report and Recommendation. Defendants' motion for summary judgment is **granted** for the reasons stated herein and in the Magistrate Judge's Report and Recommendation. To the extent that Plaintiff alleges state law claims, the court declines to exercise

5

supplemental jurisdiction over them. Accordingly, Plaintiff's state law claims are dismissed **without prejudice**. Plaintiff's Eighth Amendment claims are dismissed **with prejudice**.

    **IT IS SO ORDERED.**

                                                 S/ Margaret B. Seymour
                                                 Margaret B. Seymour
                                                 United States District Court

Columbia, South Carolina

April 30, 2007